## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HEATHER GARCIA, INDIVIDUALLY ) <br> AND AS HEIR TO ANTONIO GARCIA, JR., ) <br> AND MIDWEST TRUST COMPANY ) <br> AS THE ADMINISTRATOR OF THE ESTATE ) <br> OF ANTONIO GARCIA, JR. ) <br> AND ON BEHALF OF ALL HEIRS OF ) <br> ANTONIO GARCIA, JR. ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> CITY OF LEAVENWORTH, KANSAS ) <br> and MATTHEW HARRINGTON, ) <br> ) <br> **Defendants.** ) | Case No. 2:19-CV-02049-JAR-KGG |

**SEPARATE ANSWER OF DEFENDANT CITY OF LEAVENWORTH, KANSAS TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

COMES NOW the Defendant, the City of Leavenworth, Kansas ["City"] and for its answer to Plaintiff's First Amended Complaint states and alleges as follows:

1. Paragraph 1 is denied.

2. Paragraph 2 is denied.

3. Paragraph 3 is denied.

4. Paragraph 4 is admitted.

5. Paragraph 5 is denied.

6. Paragraph 6 is admitted.

7. Paragraph 7 is denied.

8. Paragraph 8 is denied.

9. Paragraph 9 is denied.

10. The City is without sufficient knowledge or information to admit or deny the allegations in Paragraph 10.

11. The City is without sufficient knowledge or information to admit or deny the allegations in Paragraph 11.

12. The City is without sufficient knowledge or information to admit or deny the allegations in Paragraph 12.

13. The City is without sufficient knowledge or information to admit or deny the allegations in Paragraph 13.

14. The City is without sufficient knowledge or information to admit or deny the allegations in Paragraph 14.

15. The City is without sufficient knowledge or information to admit or deny the allegations in Paragraph 15.

16. Paragraph 16 is admitted.

17. The City is without sufficient knowledge or information to admit or deny the allegations in Paragraph 17.

18. With regard to Paragraph 18, the City admits that this Court has original jurisdiction over Plaintiff's federal claims. The City is without sufficient knowledge or information to admit or deny the allegations concerning supplemental jurisdiction over Plaintiff's state tort claims.

19. With regard to Paragraph 19, the City admits that venue is proper in this judicial district but denies that there was any act or omission giving rise to a claim.

20. Paragraph 20 is denied.

21. Paragraph 21 is denied.

22. Paragraph 22 is denied.

23. Paragraph 23 is denied.

24. Paragraph 24 is denied.

25. Paragraph 25 is denied.

26. Paragraph 26 is denied.

27. Paragraph 27 is denied.

28. Paragraph 28 is denied.

29. Paragraph 29 is denied.

30. Paragraph 30 is denied.

31. Paragraph 31 is denied.

32. Paragraph 32 is denied.

33. Paragraph 33 is denied.

34. Paragraph 34 is denied.

35. Paragraph 35 is denied.

36. The City is without sufficient knowledge or information to admit or deny any of the allegations in Paragraph 36.

37. The City is without sufficient knowledge or information to admit or deny any of the allegations in Paragraph 37.

38. Paragraph 38 is admitted.

39. Paragraph 39 is admitted.

40. Paragraph 40 is admitted.

41. Paragraph 41 is admitted.

42. Paragraph 42 is admitted.

43. Paragraph 43 is denied.

44. The City is without sufficient knowledge or information to admit or deny the allegations in Paragraph 44.

45. With regard to Paragraph 45, the City admits that Officer Harrington exited the home, went down several steps toward the vehicle being driven by Garcia. It is without sufficient knowledge or information to admit or deny the remaining allegations.

46. With regard to Paragraph 46, the City admits that Garcia was initially out of the vehicle when Officer Harrington asked to speak with him and that by the time Harrington reached the vehicle, Garcia had climbed back into the vehicle and closed the door with all of the windows rolled up.

47. Paragraph 47 is admitted.

48. Paragraph 48 is admitted.

49. With regard to Paragraph 49, the City admits that Officer Harrington attempted to open the door again, that Garcia pulled it closed, and that when Harrington opened the door again, Garcia had a combat knife in his right hand pointed generally in the direction of Harrington.

50. With regard to Paragraph 50, the City admits that Officer Harrington attempted to open the door again, that Garcia pulled it closed, and that when Harrington opened the door again, Garcia had a combat knife in his right hand pointed generally in the direction of Harrington.

51. With regard to Paragraph 51, the City admits that Harrington began shouting directions at Garcia to drop the knife while Garcia attempted to flee in the vehicle.

52. The City is without sufficient knowledge or information to admit or deny any of the allegations in Paragraph 52.

53. The City is without sufficient knowledge or information to admit or deny any of the allegations in Paragraph 53.

54. The City is without sufficient knowledge or information to admit or deny any of the allegations in Paragraph 54.

55. The City is without sufficient knowledge or information to admit or deny any of the allegations in Paragraph 55.

56. The City is without sufficient knowledge or information to admit or deny any of the allegations in Paragraph 56.

57. With regard to Paragraph 57, the City admits that Garcia's wife attempted to intervene, took the knife and hid it on her person, and was later charged with a crime resulting in a plea agreement where she admitted this conduct. The City is without sufficient knowledge or information to admit or deny the remaining allegations.

58. Paragraph 58 is denied.

59. Paragraph 59 is denied.

60. Paragraph 60 is not a statement of fact to which an answer is required.

61. Paragraph 61 is not a statement of fact to which an answer is required.

62. Paragraph 62 is denied as to the City.

63. Paragraph 63 is denied as to the City.

64. With regard to Paragraph 64, the City incorporates by reference its admissions and denials to Paragraphs 1 through 63 as if fully set forth herein.

65. Paragraphs 65 through 78 are not specifically directed to the City and, therefore, no answer is required. To the extent that these allegations are brought against Officer Harrington in his official capacity, they are denied by the City.

66. With regard to Paragraph 79, the City incorporates by reference its admissions and denials to Paragraphs 1 through 78 as if fully set forth herein.

67. Paragraph 80 is not a statement of fact to which an answer is required.

68. Paragraph 81 is denied.

69. Paragraph 82 is denied.

70. Paragraph 83 is denied.

71. Paragraph 84 is denied.

72. Paragraph 85 is denied.

73. Paragraph 86 is denied.

74. Paragraph 87 is denied.

75. Paragraph 88 is denied.

76. Paragraph 89 is denied.

77. Paragraph 90 is denied.

78. Paragraph 91 is denied.

79. Paragraph 92 is denied.

80. Paragraph 93 is denied.

81. Paragraph 94 is denied.

82. With regard to Paragraph 95, the City incorporates by reference its admissions and denials to Paragraphs 1 through 94 as if fully set forth herein.

83. The City is without sufficient knowledge or information to admit or deny the allegations in Paragraph 96.

84. The City is without sufficient knowledge or information to admit or deny the allegations in Paragraph 97.

85. Paragraph 98 is denied.

86. Paragraph 99 is denied.

87. Paragraph 100 is denied.

88. Paragraph 101 is denied.

89. Paragraph 102 is denied.

90. Paragraph 103 is denied.

91. Paragraph 104 is denied.

92. Paragraph 105 is denied.

93. Paragraph 106 is denied.

94. Paragraph 107 is denied.

95. Paragraph 108 is denied.

96. Paragraph 109 is denied.

97. Paragraph 110 is denied.

98. With regard to Paragraph 111, the City incorporates by reference its admissions and denials to Paragraphs 1 through 110 as if fully set forth herein.

99. Paragraph 112 is not a statement of fact to which an answer is required. In the alternative, the City only owed those duties to Garcia required by law.

100. Paragraph 113 is denied.

101. Paragraph 114 is denied.

102. Paragraph 115 is denied.

103. Paragraph 116 is denied.

104. Paragraph 117 is denied.

105. Paragraph 118 is denied.

106. The City is without sufficient knowledge or information to admit or deny the allegations in Paragraph 119.

107. Paragraph 120 is not a statement of fact to which an answer is required. In the alternative, Garcia's claims are established by the referenced statute.

108. Paragraph 121 is denied.

109. Paragraph 122 is denied.

110. Paragraph 123 is denied.

111. Paragraph 124 is denied.

112. Paragraph 125 is denied.

113. Further answering, the City alleges that each and every allegation not specifically admitted herein is denied.

114. Further answering, the City alleges that Plaintiffs fail to state a claim upon which relief may be granted.

115. Further answering, the City alleges that comparative fault principals apply and the negligent acts or omissions of Garcia should be compared pursuant to K.S.A. § 60-258a.

116. Further answering, to the extent that the Court determines that the Plaintiffs have failed to plead and comply with the provisions of K.S.A. 12-105b, they lack standing and this Court lacks subject matter jurisdiction over the state tort claim.

117. Further answering, the City alleges that Plaintiffs' claims are barred in whole or in part by the comparative fault of Garcia.

118. Further answering, the City alleges that Plaintiff's damages, if any, are limited by statute including but not limited to K.S.A. § 12-105b, § 75-6105, and § 60-1903.

119. To the extent that the Court or jury determine that there was no underlying constitutional violation, there is no viable claim against the City.

120. Plaintiffs are not entitled to a punitive damage award against the City for any one or more of the following reasons:

(a) The standards by which the City's conduct is to be determined as alleged by Plaintiffs are vague and wholly arbitrary and, as such, deny due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution;

(b) The standards for determining the amount and/or subsequent imposition of punitive damages are vague, supply no notice to the City of the potential repercussions of their alleged conduct and are subject to the unbridled discretion of the fact finder, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

(c) Plaintiffs' request for punitive damages is criminal in nature and the rights given the City in criminal proceedings under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution are applicable;

(d) Plaintiffs' request for punitive damages constitutes a request for and/or imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

(e) Plaintiffs' request for punitive damages constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution;

(f) Plaintiffs' request for punitive damages constitutes a denial of equal protection of the law in violation of the Fifth and Fourteenth Amendments of the United States Constitution in that the City's wealth or net worth may be considered by a fact finder in determining the award of damages in a punitive damages award;

(g) Plaintiffs' request for punitive damages cannot protect the City against multiple punishments for the same alleged wrong, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

(h) An award of punitive damages would violate the City's due process under the United States Constitution as well as in violation of the United States Supreme Court's decision in *Pacific Mutual Insurance Co. v. Haslip*;

121. Further answering, the City reserves the right to assert any additional defenses revealed during the course of discovery.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, the City prays that Plaintiff take nothing by her action, for its costs and attorney's fees and for such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Answering Defendant demands a trial by jury in Kansas City, Kansas on all issues and claims.

Respectfully submitted,

**FISHER, PATTERSON, SAYLER & SMITH, L.L.P.**

/s/ Michael K. Seck
Michael K. Seck, #11393
51 Corporate Woods, Suite 300
9393 West 110th Street
Overland Park, KS  66210
(913) 339-6757 / Fax: (913) 339-6187
mseck@fisherpatterson.com
**ATTORNEY FOR DEFENDANT
CITY OF LEAVENWORTH, KANSAS**

## CERTIFICATE OF SERVICE

  I hereby certify that on April 4, 2019 I electronically filed the foregoing document with the Clerk of the District Court, and a copy was served via e-mail on the following:

Kenneth E. Barnes
John M. Cusick
Kyle S. Belew
Barnes Law Firm, LLC
919 W. 47th Street
Kansas City, MO 64112-1225
816-221-4321/F: 816-471-4321
kbarnes@law4321.com
jcusick@law4321.com
kbelew@law4321.com
**ATTORNEYS FOR PLAINTIFF**


Jeff S. Kratofil
Morgan Roach
McCauley & Roach, LLC
527 W. 39th Street, Suite 200
Kansas City, MO 64111
(816) 523-1700
jeff@mccauleyroach.com
morgan@mccauleyroach.com
**ATTORNEYS FOR DEFENDANT
MATTHEW HARRINGTON**


              /s/ Michael K. Seck
              Michael K. Seck #11393