## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

HEATHER GARCIA, INDIVIDUALLY )
AND AS HEIR TO ANTONIO GARCIA, JR., )
AND MIDWEST TRUST COMPANY )
AS THE ADMINISTRATOR OF THE ESTATE )
OF ANTONIO GARCIA, JR. )
AND ON BEHALF OF ALL HEIRS )
OF ANTONIO GARCIA, JR. )
                                     )
                  Plaintiffs, )
                                     )
v.                                   ) Case No.: 19-2049-JAR-KGG
                                     )
CITY OF LEAVENWORTH, KANSAS, )
And MATTHEW HARRINGTON )
                                     )
                  Defendants. )
_____ )

## MEMORANDUM & ORDER DENYING
## DEFENDANTS' MOTIONS TO STAY CIVIL PROCEEDINGS

Before the court is Defendant Harrington's Amended Motion in which he requests "an Order staying the above-styled case until the closure of his pending criminal case in Leavenworth District Court." (Doc. 17, at 1.) For the reasons set forth below, the Court **DENIES** this motion.

## FACTUAL BACKGROUND

The present Motion arises from a civil claim in relation to the shooting death of Antonio Garcia, Jr. by Defendant Harrington.  (Doc. 7, at 20-21.)  Plaintiffs' Amended Complaint alleges that Defendant Harrington "acting in the course and scope of his employment with the City and acting under color of state law, unjustifiably shot and killed Garcia under circumstance where no reasonable police Officer would have done so."  (Doc. 7, at 1-2.)  Defendants allege liability on behalf of both Harrington and the City of Leavenworth, Kansas.  (Doc. 7.)  On August 13, 2018, Defendant Harrison was indicted by a grand jury in Leavenworth County on a charge of involuntary manslaughter in relation to the death of Antonio Garcia, Jr.  (Doc. 14, at 2.)

Defendant City of Leavenworth, Kansas answered Plaintiffs' Amended Complaint separately, requesting a trial by jury on all issues and claims against it. (Doc. 8, at 10.)  Defendant Harrison has not yet responded to Plaintiffs' Amended Complaint but has filed this Amended Motion to Stay Civil Proceedings until the pending criminal case against him in Leavenworth District Court is resolved. (Doc. 17.)  Defendant City of Leavenworth, Kansas has filed a response in support of Defendant Harrington's Motion, stating that it does not object to the requested stay.  (Doc. 19.)  Defendant City of Leavenworth, Kansas later supplemented its motion, addressing the veracity of a number of statements Plaintiff presented as

fact.  (Doc. 27.)  However, most of the arguments made by Defendant City of Leavenworth, Kansas in its supplemental response were not relevant in the Court's analysis of this motion.

Plaintiffs filed a response to the Defendant's Motion, asking the Court to deny the requested stay.  (Doc. 22, at 4.)  Alternatively, Plaintiffs ask the Court to "consider a less drastic measure than stay and in the alternative consider alternate tools including such things as the imposition of protective orders, sealed interrogatories, a stay for a finite period of time, or a stay limited to a specific subject matter."  (Doc. 22, at 3-4.)

## ANALYSIS

I.  **Legal Standard.**

The Federal Rules of Civil Procedure do not necessarily provide for a stay of proceedings.  A court may, however, "make any order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense."  Fed.R.Civ.P. 26(c).  While the rule does not specifically state that pending criminal charges are a basis for imposing a stay, the Court will assume for the sake of this motion that this could arguably fall under the "annoyance" or "embarrassment" factors.

The Tenth Circuit has provided the following guidance as to when a civil case should be stayed due to pending criminal charges:

> The Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights. When deciding whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated. However, a defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege. A district court may also stay a civil proceeding in deference to a parallel criminal proceeding for other reasons, such as to prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution.

*Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (citations omitted).

## II.    Six Factor Test.

Courts have utilized a six factor test in the past to determine whether to stay civil proceedings in a case where criminal charges are pending against the moving party.

> When faced with this situation, courts have considered the extent to which the civil and criminal cases overlap, the status of the criminal case, prejudice to the plaintiff if the case is stayed, the interests of the defendant, and the interests of the public and the Court. *In re CFS–Related Securities Fraud Litigation*, 256 F.Supp.2d 1227, 1236–37 (N.D.Okla.2003).

*Bates v. Board of County Comm'rs of Mayes Co.*, No. 13–CV–0805–CVE–FHM, 2014 WL 6836166, at 1–2 (N.D. Okla. 2014).

### 1. Overlap of the Issues in the Civil and Criminal Cases.

Self-incrimination is more likely where the issues in a criminal case significantly overlap with those in a civil case. ***In re CFS-Related Securities Fraud Litigation***, 256 F.Supp.2d 1227, 1237 (N.D. Okla. 2003) (*quoting **In re Worldcom***, 2002 WL 31729501, at *4). Defendant Harrington has been indicted on a charge of involuntary manslaughter in relation to the same incident that Plaintiffs currently sue for. There is significant overlap of the issues in the civil and criminal actions against Defendant Harrington. Therefore, the court finds that this factor weighs in favor of granting a stay.

### 2. Status of the Criminal Case.

An indictment has already been filed with the state of Kansas against Defendant Harrington, and the criminal proceedings against him are already underway. Defendant Harrington states that he "expects to schedule an immunity hearing in the criminal case for not later than fall or winter of 2019." (Doc. 14, at 2.) Further, "if a trial becomes necessary, Harrington anticipates that it would occur not later than the first half of 2020." *Id*.

However, there is no real indication that the criminal proceedings would, in fact, be resolved within that time frame. What Defendant Harrington essentially

requests is that this Court grant him an open-ended stay for an indefinite period of time. Accordingly, the Court finds that this weighs in favor of denying a stay.

### 3. Interests of the Plaintiffs.

Plaintiffs contend that "a stay would substantially prejudice Plaintiffs' interests in proceeding expeditiously with the civil action."[1] Defendant Harrington addresses the fact that Plaintiffs have a legitimate interest in proceeding expeditiously with trial, but argues that his interests in preserving his Fifth Amendment rights outweigh that interest. (Doc. 14, at 4.)

The Court finds that this factor weighs in favor of denying the stay. Defendant Harrington's Fifth Amendment rights would not be implicated to the point that they outweigh the Plaintiffs' interests in proceeding with this case, as discussed more below.

### 4. Interests of Defendant Harrington.

Defendant argues in its memorandum that "Harrington's participation in the civil case would undermine his Fifth Amendment privilege against self-

---

[1] Plaintiffs also argue that they would suffer prejudice due to potential depletion of Defendant Harrington's financial assets, as well as the loss of a "right to allow the jury to draw adverse inferences from the fact that the Defendant asserted his Fifth Amendment rights during deposition and/or discovery in a civil matter." (Doc. 22, at 7-8.) The Court declines to consider these factors in its determination of whether a stay will unduly prejudice the Plaintiffs.

incrimination, expand the scope of criminal discovery, expose the general basis and specific details of his defense to the prosecution in advance of criminal trial, and otherwise prejudice the criminal case." (Doc. 14, at 4.) Defendant contends that if he is to prioritize his rights in the criminal proceedings against him by invoking his Fifth Amendment rights, he would be unfairly prejudiced in this civil matter. (Doc. 14, at 4.) Conversely, if he were to forgo the exercise of his Fifth Amendment rights in this civil matter, he could expose himself to prejudice in the criminal matter. *Id.*

Plaintiffs' response argues that Defendant's Fifth Amendment rights would not be substantially implicated in allowing this case to proceed. (Doc. 22, at 8-9.) Plaintiff contends that Defendant Harrington is still free to invoke his Fifth Amendment right in a civil trial, and states that "this invocation is sufficient to protect his Fifth Amendment rights." (Doc. 22, at 9.) The Court finds the Plaintiffs' argument to be the most persuasive here.

> A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege. Not only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding.

*Keating v. Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995) (citing

*Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976).  Defendant Harrington's Fifth

Amendment rights can be preserved by means less drastic than the stay requested

in this motion, such as protective orders, sealed depositions and interrogatories, a

stay for finite period of time, or a stay limited to specific subject matters.  While

the Court finds Defendant Harrington's Fifth Amendment argument significant, it

remains unconvinced that Defendant Harrington's ability to defend himself would

suffer any substantive detriment as a result of the denial of the present Motion.

### 5.  Interests of the Public.

Plaintiff argues a stay would jeopardize the public's interest in "the prompt

resolution of civil cases of this nature."  (Doc. 22, at 12.)  Defendant seemingly

contends, however, that the public's interest in criminal matters outweighs that of

civil matters.  (Doc. 14, at 5.)  "The public has an interest in both the prompt

resolution of civil cases as well as the fair prosecution of criminal cases." *Digital

Equipment Corp. v. Currie Enterprises*, 142 F.R.D. 8, 14 (D. Mass. 1991).

Because Defendant Harrington's interest in protecting his right to avoid self-

incrimination in his criminal case can be adequately preserved by less

extraordinary means than a stay, however, the Court finds that the Public's interest

in favor of the Plaintiffs' position to outweigh that of Defendant Harrington.

### 6. Interests of the Court.

Of primary interest to the Court is in the quick and efficient management of its caseload. *Stohr v. Scharer*, No. 17-1018-JWB, 2018 WL 2427427, at *3 (D. Kan. May 30, 2018). Defendant argues that any stay that this Court may grant here "would be time-limited by the existence of an actual criminal case." (Doc. 14, at 5.) However, the issue still remains that Defendant Harrington is essentially arguing for an open-ended stay for an indefinite period of time. Accordingly, it would best serve the Court's interests to deny Defendant Harrington's Motion to Stay and allow this case to proceed.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay Civil Proceedings (Doc. 17) be **DENIED** as more fully set forth above. While the Court understands Defendant Harrington's dilemma regarding his Fifth Amendment rights, it is not willing to impose such an extraordinary remedy at this time. The Court remains, however, willing to consider alternate methods by which Defendant Harrington may avoid prejudice in the criminal proceedings against him, such as protective orders, sealed depositions and interrogatories, or other practical accommodations which may be considered at the Scheduling Conference, and as issues arise during discovery.

**IT IS SO ORDERED.**

Dated this 23rd day of July, 2019, at Wichita, Kansas.

 S/ KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE